In the Matter of the Estate of OLIVE WOLBERT, Deceased.

Surrogate's Court, Rensselaer County, July 19, 1932.

*Charles W. Marshall,* for Abbott H. Jones, executor.

*Milbank, Tweed, Hope & Webb,* for the Chase National Bank of the City of New York.

WAGER, S.   In this proceeding for the judicial settlement of the accounts of the executor, the Chase National Bank has asked for a construction of the will to the end that the testatrix intended to designate as the trustee under her will the Chase National Bank as the successor of the New Netherland Bank of New York, and that letters of trusteeship be granted to the Chase National Bank accordingly.

The decedent executed her will on the 2d day of March, 1931, and it was duly probated in this court on the 31st day of March, 1931.   By the " seventh " paragraph of the will all the residue and remainder of decedent's property was given and bequeathed to the New Netherland Bank of New York, in trust, to pay the income received therefrom to decedent's two sisters during their lives, and upon their death the remainder was bequeathed to a niece.

Prior to the making of the will and on February 1, 1928, the New Netherland Bank was merged with the Seaboard National Bank of the City of New York, and on June 16, 1929, the Seaboard National Bank surrendered its charter and was succeeded by the Seaboard Bank of the City of New York under the provisions of the laws of the State of New York.   On September 16, 1929,

the Seaboard Bank of the City of New York was merged with the Equitable Trust Company of New York, and on May 31, 1930, the Equitable Trust Company of New York was consolidated with the Chase National Bank of the City of New York. All these surrenders, mergers and consolidations having taken place prior to the execution of decedent's will, it is apparent and is aptly stated by the learned counsel in their brief for the Chase National Bank, that at the time of the execution of the will " the New Netherland Bank had ceased to exist."

As authority for the surrogate to determine that the Chase National Bank is entitled to letters of trusteeship under decedent's will, counsel have cited *Matter of Bergdorf* (206 N. Y. 309), but a careful reading of the latter case shows that the facts in the present matter are clearly distinguishable from the facts in the *Bergdorf* matter. In the *Bergdorf* matter the trust company named as trustee did not merge its corporate existence until several years after decedent made his will. And the court held that the same trust company continued to exist as to all matters that existed against it, and as to all privileges that it had at the time of the merger. To use the language of the court, it held " that every right, privilege, interest or asset of conceivable value or benefit then existing which would inure to the Morton Company [the named trustee] under an unmerged existence should inure to the Guaranty Company. Nothing appertaining to the Morton Company was to be lost, forfeited or destroyed."

In the present matter the New Netherland Bank had no right, privilege, interest, asset or benefit in or under the will of the decedent Olive Wolbert. At the time the will was made its identity had ceased; and the surrogate is clearly of the opinion that the Chase National Bank is not entitled to letters of trusteeship under the provisions of the will.

The trust remains valid, however, and a trustee will be named by the court upon proper application being made.

The other matters raised concerning the assets of the estate will be determined when a new trustee is appointed.

A decree may be submitted in accordance with this memoranda.